UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FANGPING WU,

               Plaintiff,

-against-

MICHAEL TRANSUE AND FARMINGTON
MOTOR SPORTS INC.,

               Defendants
-------------------------------------------------------------------X

Case No.: 1:22-cv-5041

**NOTICE OF REMOVAL**

Defendants MICHAEL TRANSUE AND FARMINGTON MOTOR SPORTS INC., by and through their attorneys of record, O'Connor Redd Orlando, LLP, hereby remove this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a) on the grounds of diversity under 28 U.S.C § 1332.

1. The action was commenced in the Supreme Court of the State of New York, County of Queens, by the filing of a Summons and Verified Complaint bearing Case No. 715352/2022 on July 25, 2022. A true and correct copy of the Summons with Verified Complaint is attached hereto as **Exhibit A.**

2. The Summons and Verified Complaint were served on both defendants on August 10, 2022. Therefore the thirty-day period for removal pursuant to 28 U.S.C. 1446(b) has not yet elapsed. Annexed hereto as **Exhibit B** please find true and correct copies of the affidavits of service e-filed on the New York State Court E-filing System by plaintiff's counsel.

3. This is a civil action by Plaintiff Fangping Wu against the defendants seeking damages for personal injuries.

4. This is a civil action over which this Court has original jurisdiction pursuant

to 28 U.S.C. § 1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

5. Plaintiff alleges that he was and still is a resident of the County of Queens, City and State of New York (**Exhibit A paragraph 1**).

6. Pursuant to the affidavit of Timothy Vibert, president of defendant Farmington Motor Sports Inc, Farmington Motor Sports Inc. was incorporated in Connecticut in 1979 and has its primary place of business located at 146 Brickyard Road, Farmington, CT, 06032. Annexed as **Exhibit C** please find a true and correct copy of the aforementioned affidavit.

7. Pursuant to Timothy Vibert's affidavit (**Exhibit C**), and as seen on the Police Accident Report for the relevant incident (a true and correct copy annexed hereto as **Exhibit D**), defendant Transue at all time relevant, and currently, is a resident of the County of Hartford, State of Connecticut. As such based on the residency and State of Incorporation of each party, there is clear diversity in this matter.

8. In addition, defendants assert that this matter should be designated to be tried in the Central Islip Courthouse. Pursuant to the Rules For The Division Of Business For the Eastern District Of New York Adopted Pursuant to 28 U.S.C. § 137, under Rule 1(c)(2)(B) a case shall be designated for the

        Central Islip Courthouse when "a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County". Pursuant to plaintiff's Complaint (**Exhibit A** paragraphs 21 and 22), this matter revolves around a motor vehicle accident that occurred on January 8, 2022 on the Long Island Expressway near Exit 36 <u>in the County of Nassau</u>. The Police Accident Report for the alleged occurrence documents that <u>the accident occurred in Nassau County</u>. A true and correct copy of the accident report is annexed hereto as **Exhibit D**. As such, the entirety of this claim, including any alleged acts and/or omissions of the parties and nonparties, occurred in Nassau County. As a result, Central Islip is the proper courthouse for this matter to be tried.

9.     Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the plaintiff and all the defendants and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Further, this matter should be removed to the Central Islip Courthouse, as under the rules of this Court, this is the proper Courthouse in light of the motor vehicle accident (i.e. the entirety of the events giving rise to the claim) occurring in the County of Nassau, New York.

WHEREFORE, Defendants MICHAEL TRANSUE AND FARMINGTON MOTOR SPORTS INC. pray that the above-entitled action now pending in the Supreme Court of New York for the County of Queens, be removed to this Court.

Dated:   New York, New York
         August 24, 2022

                                Respectfully Submitted,
                                O'CONNOR REDD ORLANDO, LLP

                                Steven O'Connor
                                Attorneys for Defendants,
                                MICHAEL TRANSUE AND FARMINGTON MOTOR SPORTS INC
                                P.O. Box 1000|242 King Street
                                Port Chester, New York 10573
                                (914) 686-1700

TO:

SACCO & FILLAS, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102