UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

FANGPING WU,

                Plaintiff,          **MEMORANDUM AND ORDER**

      -against-                22-CV-05041 (OEM) (SIL)

MICHAEL TRANSUE and FARMINGTON
MOTOR SPORTS, INC

                Defendants.
----------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

      On July 25, 2022, plaintiff Fangping Wu ("Plaintiff") commenced this action sounding in negligence against defendants Michael Transue ("Transue") and Farmington Moto Sports Inc. ("Farmington," with Transue "Defendants"). Before the Court is Defendants' motion for summary judgment, filed on February 16, 2024. Defendants' Motion for Summary Judgment ("MSJ"), ECF 23. For the reasons stated below, Defendants' motion for summary judgment is granted.

## BACKGROUND

      This case arises out of a motor vehicle accident that occurred on January 8, 2022, at approximately 10:00 a.m., between Michael Transue and Fangping Wu, on the Long Island Expressway. Compl. at 5. The posted speed limit for the roadway that the collision took place in is 55 miles per hour. Defendant's Rule 56.1 Counter-Statement ("Rule 56.1 Statement"), ¶ 6.

      In his deposition, Plaintiff stated that he was driving at approximately 40 miles per hour at the time of the accident. Plaintiff's Deposition Transcript ("Pl.'s Dep."), ECF 16-2 at 74. Plaintiff admits that Transue was driving at "approximately" 55 miles per hour at the time of the accident. Rule 56.1 Statement ¶ 7.

At his deposition, Plaintiff testified that he checked his rear-view mirror roughly seven minutes before the accident and saw Transue's truck behind Plaintiff in the lane to Plaintiff's right. *Id*. ¶ 8. Also at his deposition, Plaintiff testified that he checked his rear-view mirror again three minutes before the accident and saw Transue's truck in the lane to his right, still "very far away" but moving closer. *Id.* ¶ 9. Plaintiff testified that he did not check his mirrors or otherwise physically turn to view the lane to his right in the three minutes prior to the accident. *Id*. ¶¶ 10-11.

Immediately preceding the accident, Plaintiff attempted to merge into the lane to his right, where he had seen Transue's truck in the distance but moving closer three minutes before. *Id*. ¶12. Plaintiff did not indicate his intent to change lanes using his turn signal. *Id*. ¶13. In changing lanes to his right, Plaintiff entered the lane Transue's truck was in and struck the front driver's side portion of Transue's truck with the passenger side of Plaintiff's vehicle. *Id*. ¶ 14.

Transue saw Plaintiff's vehicle for the first time one to two seconds before the collision and, in those one or two seconds, stepped on his brakes. *Id*. ¶¶ 14-15. After the vehicles collided, Plaintiff testified that the vehicles became "stuck together" by the force of the collision. Pl.'s Dep. at 72:22-73:3. At the time of the collision, there was a truck hauling a trailer traveling in the right-most lane to Transue's right. Rule 56.1 Statement ¶ 18. As a result of the impact of the collision, Plaintiff's vehicle pushed Transue's vehicle into the back of the trailer being hauled by the truck in the right-most lane. *Id*. ¶ 19.

After Plaintiff struck Transue's vehicle, Transue steered to the left to avoid further impact with the truck to his right. *Id*. ¶ 20. During and after the collision, Plaintiff admits that he "did not turn his wheel in any direction" and that he "was trying to move forward in order to separate his vehicle from the Defendants' truck." *Id*. ¶ 21.

2

The parties disagree as to whether Plaintiff's vehicle hit the concrete barrier to his left as a result of Transue's counter-steering to the left. At his deposition, Plaintiff testified that he never collided with the barrier to his left. Pl.'s Dep., at 75:15-21. At Transue's deposition, he testified that after the collision Plaintiff's vehicle "pulled away from me, bouncing off the barrier and hitting the trailer I was towing." Deposition Transcript of Michael Transue ("Transue Dep."), ECF 23-5 at 49:6-17. In their depositions and the other materials put to the Court, neither party has alleged that Plaintiff was "pinned" to the barrier as alleged in Plaintiff's opposition papers. Pl.'s Memo in Opposition ("Pl.'s Opp."), at 5.

After the collision, a trailer attached to Transue's vehicle "came off of defendants' vehicle and then hit Plaintiff's vehicle." Defendants' Reply Rule 56.1 Statement, ECF 25 ¶ 32.

## STANDARD OF REVIEW

"A movant is entitled to summary judgment only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Arkorful v. N.Y.C. Dep't of Educ.*, No. 18-CV-3455 (NG) (ST), 2024 WL 298999, at *6 (E.D.N.Y. Jan. 24, 2024) (quoting Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 322. "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020)) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). "A fact is material if it might affect the outcome of the suit under governing law." *Id.*

"The movant bears the burden of 'demonstrating the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex Corp.,* 477 U.S. at 323). "Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, 'the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Arkorful v. N.Y.C.*, 2024 WL 298999 at *7 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "While circumstantial evidence may be sufficient to raise a genuine issue of material fact precluding the grant of summary judgment, a party cannot survive a motion for summary judgment by relying on mere speculation or conjecture as to the true nature of the facts." *Id.* (internal quotation marks and citations omitted).

"In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all permissible factual inferences in favor of the nonmovant." *Sylla v. N.Y. City Dep't of Educ.*, 664 F. Supp. 3d 311, 322 (E.D.N.Y. 2023) (citing *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010)). "It is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006). "[I]n deciding a disputed issue of state law in a diversity case, a federal [trial] court should attempt to discern what the highest court of that state would decide." *Rounds v. Rush Trucking Corp.*, 211 F.3d 185, 188 (2d Cir. 2000).

## DISCUSSION

Plaintiff's causes of action both sound in negligence. "The essential elements of a cause of action in negligence are […] duty; breach of that duty; causation; and actual injury." *Madej v. Yale University*, 2022 WL 710905, at *3 (2d Cir. 2022). In a negligence action, "[w]here a defendant establishes that a plaintiff's negligence was the sole proximate cause of an accident, the

4

defendant is not liable to the plaintiff for damages." *Gray v. Wackenhut Servs., Inc.*, 446 F. App'x 352, 353 (2d Cir. 2011).

Defendants contend that Plaintiff's negligence was the sole proximate cause of the accident that gave rise to this action. Defendants note that Plaintiff made a sudden lane change without using his turn signal and without checking immediately beforehand to see if the lane to his right was occupied. These actions, Defendants rightly contend, violated New York Vehicle and Traffic Law § 1128(a), which demands that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Plaintiff, in only checking the lane to his right a full three minutes prior to changing lanes, did not ascertain that his lane change could be made with safety. Therefore, Plaintiff's actions constitute negligence as a matter of law. *Guida v. Dagnese*, 214 A.D.3d 715, 716 (2d Dept. 2023) ("A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law").

Though Plaintiff was undoubtedly negligent in causing the subject accident, Plaintiff contends that the Court cannot find at this stage that he was the sole proximate cause of the damages he sustained because of three purported disputed factual questions: (1) whether Transue was negligent in counter-steering into Plaintiff's vehicle, thus "pinning it" against a Jersey barrier separating the eastern and western lanes of travel after the initial collision; (2) "whether Defendant operator was negligent in failing to slow down when he observed plaintiff's vehicle entering his land, and failing to utilize his horn;" and (3) whether Defendants failed to "properly secure their trailer, which indisputably became unlatched during the collision." Opp. at 5. The Court finds none of these arguments availing and finds that Plaintiff's negligence was the sole proximate cause of the accident.

5

As an initial and overarching matter, and as alleged by Defendants in their answer, the Court finds that Transue's actions after Plaintiff's vehicle struck him must be evaluated under the more lenient negligence standard imposed on defendants who are thrust by no fault of their own into emergency situations. *See* Defendants' Answer ("Answer"), ECF 4 at 7 (invoking as an affirmative defense that Defendants were "faced with a sudden emergency condition which the Defendants did not cause or contribute to and which would not have been reasonably anticipated under the circumstances presenting").

The so-called "emergency doctrine" "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context provided the actor has not created the emergency." *Caristo v. Sanzone*, 96 N.Y.2d 172, 174 (N.Y. 2001) (quoting *Rivera v. New York City Transit Auth.*, 77 N.Y.2d 322, 327 (N.Y. 1991)) (cleaned up).

While courts have historically rejected applications of the emergency doctrine in cases where the "emergency" in question lacks severity or the party erroneously invoking the doctrine was contributorily negligent, this Court finds the doctrine applicable here, where Plaintiff struck Transue's vehicle with no warning and with only one or two seconds within which Transue could have reacted. *Compare Bamidele v. Andrade*, 2022 WL 4238340, at *2 (E.D.N.Y., 2022) ("The emergency doctrine does not apply where, as here, a defendant 'should reasonably have anticipated and been prepared to deal with the situation with which she was confronted.') (*citing Hardy v. Sicuranza*, 133 A.D.2d 138, 139 (N.Y. App. Div. 2d Dep't 1987)), *and Krynski v. Chase*, 701 F.Supp. 2d 318, 325 (E.D.N.Y. 2009) ("But, this doctrine 'applies only to circumstances where an

6

actor is confronted by a sudden and unforeseen occurrence not of the actor's own making."), *with Dufur v. Lavin*, 101 A.D.2d 319, 326–27 (1984), *aff'd*, 65 N.Y.2d 830 (1985) ("Where a person, through no fault of his own, is faced with sudden and unexpected circumstances and is compelled to act suddenly, the law does not demand that accuracy of judgment which would be called for under other circumstances. In such cases, even if he makes a mistake, he will not be deemed to have been contributorily negligent").

Here, by virtue of Plaintiff's negligent driving, Transue was struck unexpectedly from the side and forced to make split-second decisions to avert further damage and a more catastrophic collision. Accordingly, the emergency doctrine applies and the Court will not demand of Transue "that accuracy of judgment which would be called for under other circumstances." *Dufur*, 101 A.D.2d 319 at 326–27.

### A. Negligence in Counter-steering

Plaintiff's first contention in opposition to summary judgment is that Transue may have been contributorily negligent in counter-steering into Plaintiff's vehicle, purportedly "pinning it" against a Jersey barrier following the initial collision. As an initial matter, the Court has been presented with no evidence that Plaintiff was ever "pinned" against the highway barrier. On the contrary, at Plaintiff's deposition, he responded "no" when asked whether he hit the concrete barrier at any point. Pl.'s Dep., at 75:15-21. Transue likewise never testified that Plaintiff's vehicle was in any way "pinned," testifying instead that Plaintiff's vehicle "pulled away from me, bouncing off the barrier and hitting the trailer I was towing." Transue Dep. at 49:6-17.

Regardless, the Court finds that Transue was not negligent in counter-steering to the left following the initial collision. In seconds following the initial collision, Transue was forced to make a sudden judgment call and, with Plaintiff's vehicle forcing him to the right into the adjacent

7

truck, counter-steered in an endeavor to avoid a second collision. A reasonable jury could not find that this action was contributorily negligent, particularly in light of the more permissive standard for negligence imposed by the emergency doctrine.

### B. Negligence in Failing to Slow or Honk

Secondly, Plaintiff contends that Transue may have been negligent in failing to slow down or honk his horn fast enough in response to Plaintiff's abrupt merging. However, as the parties agree, Transue only had "approximately one or two seconds" within which to react to Plaintiff's negligent driving. Rule 56.1 Statement ¶14. During that brief timeframe, Transue applied his brakes in an attempt to avoid a crash. *Id*. ¶ 15. It is doubtful that within the span of "approximately one or two seconds" Transue could have averted a collision by honking his horn. *Id*. at ¶ 14. No reasonable jury could conclude that Transue was contributorily negligent in failing to apply his brakes sooner or in failing to honk his horn in the moment prior to the collision.

### C. Negligence in Failing to Properly Secure Defendants' Trailer

Finally, Plaintiff contends that a reasonable jury might find that Defendants failed to "properly secure their trailer, which indisputably became unlatched during the collision." Opp. at 5. However, this conclusory allegation is entirely unsupported by any evidence offered to the Court and entirely insufficient to overcome Defendants' entitlement to summary judgment on this matter. *See FDIC v. Great Am. Ins. Co.*, 607 F.3d 292 (2d Cir. 2010) (The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation"); *McPherson v. NY City Dep't of Educ.*, 457 F.3d 211 (2d Cir. 2006) ("Speculation alone is insufficient to defeat a motion for summary judgment"). Defendants put forward an expert report written by collision reconstruction expert Bradford R. T. Silver, wherein he attributes the detachment of the trailer to Plaintiff's collision, not to the trailer being faultily secured. Silver Expert Report, ECF 23-10 at 11. At his

8

deposition, Transue testified that he "checked the lights, the hitch, the trailer, through my normal routine" before he began driving on the day of the crash. Transue Dep. at 28:18-29:4. In response, Plaintiff offers no evidence beyond pure speculation that the trailer may have been improperly hitched. Accordingly, on the evidence presented to the Court, no reasonable jury could find that Defendants were contributorily negligent in failing to properly secure their trailer.

Because Plaintiff's own negligence was the sole proximate cause of the subject accident, and because Defendants did not commit any negligent acts contributing to the damages resulting from the accident, no reasonable jury could find in favor of Plaintiff on either of his causes of action. Therefore, Defendants' motion for summary judgment is granted.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is granted. The Clerk of Court is respectfully directed to enter a judgment in accordance with this Order and to close this case.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

Dated: Brooklyn, New York
August 5, 2024

9